# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| JOHN SHACKELFORD | § | |
| | § | |
| | § | Civil Action No. 4:18-CV-00035 |
| v. | § | Judge Mazzant |
| | § | |
| BONHAM INDEPENDENT SCHOOL | § | |
| DISTRICT | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Bonham Independent School District's Motion for Partial Dismissal of Plaintiff's Original Complaint (Dkt. #4). Having considered the relevant pleadings, the Court finds Defendant's motion should be granted.

## BACKGROUND

This lawsuit concerns the Defendant's suspension and termination of Plaintiff John Shackelford's employment as the Director of Transportation/Maintenance for Defendant. Plaintiff began his employment with Defendant in September 2008. In March 2016, Plaintiff signed a two-year employment contract (the "Contract") for the 2016–2017 and 2017–2018 school years. Paragraph 8 of the Contract states that "[t]he District may suspend you without pay during the term of this Contract for good cause as determined by the Board." (Dkt. #1, Exhibit A at ¶ 8). Paragraph 9 of the Contract states that "[t]his Contract will terminate at the end of the contract term or upon a determination by the Board of good cause or financial exigency." (Dkt. #1 Exhibit A at ¶ 9).

Around May 2016, Plaintiff was instructed to dispose of two old school buses. Plaintiff scrapped the buses for a total of $500 and put the money in his desk drawer.[1] On August 26, 2016,

---

[1] The Court notes that it excluded additional background information that is not pertinent to the issue of whether Plaintiff's failure to exhaust her administrative remedies requires dismissal of his breach of contract claim.

the Director of Operations, Bill Wakefield ("Wakefield") informed Plaintiff that he would be sent home for three days without pay for not following proper procedure with regard to the bus proceeds. Wakefield later stated that he had told Plaintiff to put the money into an activity fund. On August 27, 2016, Plaintiff was called into the office of the superintendent, Dr. Marvin Beaty ("Beaty"). Beaty asked Plaintiff to turn in his phone and keys and informed Plaintiff that he was "relieved" of his duties. Plaintiff was told he would paid $1,000 for his unused vacation time and that there would be no opposition to him filing for unemployment benefits. On June 6, 2017, the Board of Trustees of Bonham ISD ("the Board") found good cause for the termination of the Contract and took action to terminate the Contract. On July 11, 2017, the Board upheld the decision to terminate the Contract following an appeal.

On January 16, 2018, Plaintiff filed a complaint, alleging Defendant violated the Age Discrimination in Employment Act ("ADEA"), 42 U.S.C.A § 2000e *et seq*,, 29 U.S.C. § 623 *et seq*, by discharging him on the basis of age and that Defendant breached his employment agreement by failing to comply with termination and suspension clauses of the Contract (Dkt #1).

On February 14, 2018, Defendant filed its motion for partial dismissal of the complaint (Dkt. #4). Plaintiff filed his response on February 28, 2018 (Dkt. #5). Defendant filed a reply on March 7, 2018 (Dkt. #6).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a case for lack of subject matter jurisdiction when the district court lacks statutory and constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). If a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the Court will

consider the jurisdictional attack under Rule 12(b)(1) before addressing any attack on the legal merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

In deciding the motion, the Court may consider "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the [C]ourt's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The Court will accept as true all well-pleaded allegations set forth in the complaint and construe those allegations in the light most favorable to the plaintiff. *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). Once a defendant files a motion to dismiss under Rule 12(b)(1) and challenges jurisdiction, the party invoking jurisdiction has the burden to establish subject matter jurisdiction. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). The Court will grant a motion to dismiss for lack of subject matter jurisdiction only if it appears certain that the claimant cannot prove a plausible set of facts to support a claim that would entitle it to relief. *Lane*, 529 F.3d at 557.

## ANALYSIS

Defendant claims that the Court lacks subject matter jurisdiction over Plaintiff's breach of contract claim because Plaintiff failed to exhaust his administrative remedies prior to filing suit. Plaintiff contends that administrative exhaustion is not required because his claim falls outside the statute requiring the exhaustion of remedies.

### A. Exhaustion of Administrative Remedies

The Texas Education Code grants the Texas Commissioner of Education (the "Commissioner") authority to resolve a limited number of disputes. *McIntyre v. El Paso Indep. Sch. Dist.*, 499 S.W.3d 820, 823 (Tex. 2016) (citing TEX. EDUC. CODE ANN. § 7.507(a); *Clint*

*Indep. Sch. Dist. v. Marquez,* 487 S.W.3d 538, 544–45 (Tex. 2016)). "Where the Legislature grants the Commissioner authority to resolve a dispute, parties to such disputes must seek relief from the Commissioner through an administrative appeal before resorting to the courts." *Id.* (citing *Clint Indep. Sch. Dist.*, 487 S.W.3d at 546). "Until the Commissioner [] issues a final ruling with respect to a claim for breach of an employment contract, a plaintiff is deemed not to have exhausted her administrative remedies and may not bring an independent breach of contract action." *Garcia v. Corpus Christi Indep. Sch. Dist.*, 866 F. Supp. 2d 646, 660 (S.D. Tex. 2011) (citing *O'Neal v. Ector County Indep. Sch. Dist.*, 221 S.W.3d 286, 291 (Tex. App.—Eastland 2006, pet. ref'd); *Rascon v. Austin I.S.D.*, 2006 WL 2045733, at *5 (W.D. Tex. 2006)). The Texas Legislature provides that

> a person may appeal in writing to the commissioner if the person is **aggrieved by**:
> > (1) the school laws of this state; or
> > (2) **actions or decisions of any school district <u>board of trustees</u> that violate**:
> > > (A) the school laws of this state; or
> > > (B) **a provision of a written employment contract between the school district and a school district employee, if a violation causes or would cause monetary harm to the employee.**

Tex. Educ. Code Ann. § 7.057(a) (emphasis added).

Defendant asserts that Plaintiff has failed to exhaust his administrative remedies with regard to his breach of contract claim by not first appealing to the Commissioner. If Plaintiff's claim against Defendant is the type of claim that section 7.057(a) describes, then Plaintiff must first exhaust his administrative remedies unless an exception to the requirement applies. *See Clint Indep. Sch. Dist.*, 487 S.W.3d at 546. "As a general rule, a teacher complaining of wrongful discharge must exhaust all available administrative remedies if the subject matter involves questions of fact." *Carrillo v. Anthony Indep. Sch. Dist.*, 921 S.W.2d 800, 804 (Tex. App.—El Paso 1996, no writ) (citing *Barrientos v. Ysleta Indep. School Dist.,* 881 S.W.2d 159, 160–61

(Tex. App.—El Paso 1994, no writ)). The exceptions to the exhaustion requirement include: "'(1) the aggrieved party will suffer irreparable harm and the administrative agency is unable to provide relief; (2) the claims are for a violation of a constitutional or federal statutory right; (3) the cause of action involves pure questions of law and the facts are not disputed; (4) the Commissioner of Education lacks jurisdiction over the claims; (5) the administrative agency acts without authority; or (6) the claims involve parties acting outside the scope of their employment.'" *Garcia*, 866 F. Supp. 2d at 661 n.9 (quoting *Rascon*, 2006 WL 2045733, at *5); *see Hicks v. Lamar Consol. Indep. Sch. Dist.*, 943 S.W.2d 540, 543 (Tex. App.—Eastland 1997) ("[I]n cases which involve pure questions of law, constitutional or otherwise, a claimant is not required to exhaust administrative remedies.").

Plaintiff's alleged breach is that the superintendent "did not notify the Board of Trustees and obtain approval before firing Plaintiff" as required by the Contract (Dkt. #5). Paragraph 8 and 9 of the Contract state:

> 8. **Suspension.** . . The District may suspend you without pay during the term of this Contract for good cause as **determined by <u>the Board</u>**.

> 9. **Termination of Contract.** . . . This Contract will terminate at the end of the contract term or upon a **determination by <u>the Board</u>** of good cause or financial exigency. You may resign during the contract term only with the consent of the Board of designee.

(Dkt. #1, Exhibit A at ¶¶ 8, 9) (emphasis added).

Plaintiff claims that according to section 7.057(a)(2), the Commissioner lacks jurisdiction over the dispute because the Board took no action to terminate the Contract in August 2016. *See* TEX. EDUC. CODE ANN. § 7.057(a)(2). He claims he was aggrieved by the actions of the superintendent, not the Board, and thus, falls outside the requirements of 7.057(a)(2).

However, the Board did ultimately take action to terminate the Contract in June 2017 and approved that action in July 2017 following an appeal. Therefore, Plaintiff's claim hinges on when his employment was actually terminated. For Plaintiff's breach of contract claim to succeed, the actions by the superintendent in August 2016 must have constituted final termination, not merely the initiation of the termination. TEX. EDUC. CODE ANN. § 11.201(d) ("The duties of the superintendent include . . . initiating the termination or suspension of an employee or the nonrenewal of an employee's term contract[,]"). If the Board's decision to terminate Plaintiff's Contract at the June 2017 meeting constituted final termination, then the alleged breach did not occur.

In the present case, a question of fact exists as to whether Beaty's actions constituted termination or the initiation of termination. The Texas Supreme Court has found that "[s]chool district employees . . . alleging breach of an employment contract where the facts are in dispute, generally must exhaust administrative remedies by bringing an appeal to the Commissioner." *Canutillo Indep. Sch. Dist. v. Farran*, 409 S.W.3d 653, 657 (Tex. 2013).

Texas courts have found issues of fact to be present in cases where it is unclear when an employee was actually terminated. *Mercedes Indep. Sch. Dist. v. Munoz*, 941 S.W.2d 215 (Tex. App.—Corpus Christi 1996, writ denied); *Carrillo v. Anthony Indep. Sch. Dist.*, 921 S.W.2d 800 (Tex. App.—El Paso 1996, no writ). In *Mercedes*, an employee sued her former school district employer for breach of contract and asserted that the exhaustion of administrative remedies did not apply because no fact issues were involved in the case. 941 S.W.2d at 217. The district failed to notify the employee by a certain date that it planned to terminate her contract as required by the contract. *Id* at 217. However, the employee was also required to notify the school superintendent at least 30 days before her expected date of return with a physician's statement indicating her

physical fitness to return to regular duties. *Id* at 218. It was clear that the employee failed to provide such notice. *Id*. When the employee telephoned the assistant school superintendent about her classroom assignment for the coming school year, she was informed there was no assignment available with the district. *Id* at 217. The employee took no further action nor had any other contract with the district until the filing of the suit.

The Corpus Christi Court of Appeals found that a fact issue existed as to whether the employee was actually terminated or whether she voluntarily abandoned her position after talking to the assistant superintendent. *Id* at 218. "In fact, the [d]istrict indicated that they felt such action could not be taken while the employee was on disability leave." *Id*. The court further found there was a fact issue as to whether the employee was ever physically able to return to her employment. *Id*. Accordingly, the court held that the asserted exception to the exhaustion of remedies requirement, i.e. only questions of law were present, did not apply. *Id*.

In *Carrillo*, an employee sued her school district employer for breach of her employment contract. 921 S.W.2d at 803. The district asserted that the employee was never terminated because only the school board had the authority to terminate the teacher for cause. *Id* at 805. The district asserted that the employee "was simply told that she was not qualified to teach by the school's superintendent, who did not possess the authority to discharge any teacher for any reason. *Id* at 805–06. Because no action was taken by the school board effectuating termination of the employee, the district argued that the employee was never terminated. *Id* at 805–06. *See* TEX. EDUC. CODE ANN. §§ 13.109 (listing good cause reasons for terminating a probationary teacher during the school year); 13.111 (requiring notice of any proposed actions by the board of trustees); 13.112 (requiring a hearing before the board of trustees if requested by the teacher within ten days of receiving notice); 13.114 (delegating final decision-making authority to the board of trustees).

The district argued that the employee's lack of certification meant they could not reassign her, but that the "inability to reassign" did not constitute termination. *Id* at 806. The employee argued that as a matter of law she was terminated and that her employment contract was breached. *Id*. The El Paso Court of Appeals disagreed with both arguments. *Id*. The court stated that the fact the employee was compelled to sign a form entitled "Termination or Exit Report of School Employee[,]" that she was assigned no future duties, that she was not expected to show up for work, and that she was removed from the payroll created an issue of fact as to whether her "exit nature of not returning" was in fact termination. *Id*.

Accordingly, the Court concludes that a fact issue is presented in regard to when the termination of Plaintiff occurred, and Plaintiff was required to exhaust his administrative remedies. Plaintiff has "neither alleged exhaustion of administrative remedies nor any exception to the requirement that he first exhaust his administrative remedies. It has consistently been held that matters such as those raised by [Plaintiff] are best resolved by school authorities." *Hicks v. Lamar Consol. Indep. Sch. Dist.*, 943 S.W.2d 540, 543 (Tex. App.—Eastland 1997).[2]

## CONCLUSION

It is therefore **ORDERED** that Defendant Bonham Independent School District's Motion for Partial Dismissal of Plaintiff's Original Complaint (Dkt. #4) is hereby **GRANTED**. Accordingly, Plaintiff's state law breach of contract claim is dismissed without prejudice.

**SIGNED this 31st day of July, 2018.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff does not argue in his response (Dkt. #5) that he has exhausted his administrative remedies or that an exception applies, thus, making an amendment futile.